UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM T. MONTGOMERY, | : CASE NO. 3:00 CV 7298 |
| Petitioner, | : |
| | : JUDGE SOLOMON OLIVER, JR. |
| vs. | : |
| MARGARET BAGLEY, Warden, | : **MEMORANDUM OF OPINION** |
| | : **AND ORDER** |
| Respondent. | |

Before the court in this capital habeas corpus case is Petitioner William Montgomery's motion for relief from judgment or, in the alternative, request to file a second or successive habeas petition based on a finding of actual innocence (Doc. 123) and Respondent Warden Margaret Bagley's motion to transfer Montgomery's motion to the Sixth Circuit Court of Appeals for authorization to proceed as a second or successive habeas petition (Doc. 125). Montgomery has filed a brief in opposition to Respondent's motion to transfer (Doc. 127), to which Respondent has replied (Doc. 128). For the following reasons, Montgomery's motion for relief from judgment is denied and Respondent's motion to transfer is granted.

### RELEVANT PROCEDURAL HISTORY

Montgomery was sentenced to death in an Ohio court in 1986 for the aggravated murder

of Debra Ogle. *See State v. Montgomery*, 61 Ohio St. 3d 410 (Ohio 1991). He also was convicted of murdering Ogle's roommate, Cynthia Tincher, and sentenced to fifteen years to life in prison for that crime. *Id*. His convictions and sentences were affirmed on direct appeal, and he was unsuccessful in state post-conviction proceedings. *See id.* (direct appeal); *State v. Montgomery*, L-98-1026, 1999 WL 55852 (Ohio Ct. App. Feb. 5, 1999) (post-conviction relief).

Montgomery sought habeas corpus relief in this court in 2000. (Doc. 13.) This court granted Montgomery's habeas petition in 2007, ruling that the prosecution failed to fulfill its obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose exculpatory evidence to the defense. (Doc. 95.) It found that the prosecution suppressed a police report revealing that witnesses saw Ogle alive four days after the State alleged she was murdered, which "would have severely undercut [the] credibility [of an accomplice witness] and destroyed the State's timeline of the case." ( *Id*. at 86-87.)

An *en banc* panel of the Sixth Circuit reversed this Court's judgment in 2011. *Montgomery v. Bobby*, 654 F.3d 668 (6th Cir. 2011). It held there was no *Brady* violation because the police report would not have created a reasonable probability of a different outcome given the strength of the evidence against Montgomery; the jury's awareness that the accomplice had received a plea bargain in exchange for his testimony; and the fact that the evidence would have contradicted the defense theory that the accomplice was the triggerman, as the accomplice was in custody at the time of the alleged sighting. *Id*. at 680-81. The United States Supreme Court denied *certiorari*. *Montgomery v. Bobby*, 566 U.S. 991 (2012).

On March 26, 2018, the governor of Ohio commuted Montgomery's sentence to life without the possibility of parole. (*See* Doc. 123, Ex. 1 (Warrant of Commutation).) The Ohio

2

Parole Board recommended the commutation. (*See id.*, Ex. 2 (Ohio Parole Board Report and Recommendation).)

Montgomery now seeks relief from this court's judgment under Federal Civil Rule 60(b)(6) "in the form of relief from the Sixth Circuit's reversal" of that ruling. (*Id.* at 23.) He claims that "new and extraordinary circumstances" justify such relief, including: (1) the governor's commutation of his death sentence and the Ohio Parole Board's findings in his case; (2) "new" forensic evidence consisting of two expert reports that demonstrate his actual innocence of Ogle's murder – one that corroborates his *Brady* claim regarding the police report and contradicts the State's timeline, and another that points to the accomplice as the shooter; and (3) an affidavit of a juror indicating that he would not have found Montgomery guilty and would not have voted for the death penalty had he known the "new information." (*See id.* at 2-3.) In the alternative, Montgomery requests "leave to file a second or successive petition for habeas corpus relief, and/or in the alternative, leave to convert this motion, in this Court or the Sixth Circuit, into a second or successive petition for habeas corpus relief." (*Id.* at 31.)

Respondent has moved to transfer Montgomery's motion for relief from judgment to the Sixth Circuit Court of Appeals for authorization to proceed as a second or successive habeas petition. (Doc. 125.) She argues that Montgomery's purported Rule 60(b) motion seeks to add a new habeas claim or present new evidence in support of a claim already litigated, and is therefore a second or successive habeas petition that requires authorization from the Sixth Circuit to proceed. (*Id.* at 2.) Montgomery has filed a brief in opposition to Respondent's motion to transfer (Doc. 127), to which Respondent has replied (Doc. 128).

**ANALYSIS**

Federal Civil Rule 60(b) enumerates specific circumstances in which a party may seek relief from a final judgment and request reopening of the case, such as fraud, mistake, and newly discovered evidence. *See* Fed. R. Civ. P. 60(b). Montgomery bases his motion on Rule 60(b)(6), a catchall provision that permits a court to lift a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This rule is available, however, only in "extraordinary circumstances," which "rarely occur" in habeas cases. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Indeed, Rule 60(b) has "limited viability in the habeas context." *Johnson v. Bell*, 605 F.3d 333, 335 (6th Cir. 2010). Most significantly, a motion brought under Rule 60(b) may be treated as a "second or successive" habeas petition if necessary to enforce the requirements of § 2244(b) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Gonzalez,* 545 U.S. at 531-32; *see also* Rules Governing Habeas Corpus Cases Under Section 2254, Rule 12 (federal rules of civil procedure apply in habeas corpus proceedings only "to the extent that they are not inconsistent with" applicable federal statutes and rules). The gatekeeping provisions of § 2244(b) bar habeas "applications" deemed "second or successive" except under certain circumstances. *See* 28 U.S.C. § 2244(b).[1] These restrictions serve AEDPA's goal of bringing finality to state-court judgments by preventing the filing of successive petitions that attack the same underlying conviction. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996); *McCleskey v. Zant*, 499 U.S. 467, 493-95 (1991).

---

[1] Specifically, claims in a "second or successive" application will not be dismissed if they were not previously presented and rely either on a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. 28 U.S.C. § 2244(b)(2).

4

Before a petitioner can file a second or successive § 2254 application, he or she must obtain authorization for the filing from the court of appeals. 28 U.S.C. § 2244(b)(3); *Gonzalez*, 545 U.S. at 528. Without such precertification, the district court lacks jurisdiction to review the application. 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007) (per curiam).

Rule 60(b) motions "may not be used as vehicles to circumvent the limitations that Congress has placed upon the presentation of claims in a second or successive application for habeas relief." *Moreland v. Robinson,* 813 F.3d 315, 322 (6th Cir. 2016) (citing *Gonzalez*, 545 U.S. at 531-32). When faced with a purported Rule 60(b) motion in a habeas case, therefore, "federal courts must determine if it really is such a motion or if it is instead a second or successive application for habeas relief in disguise." *Id*. (citing *Gonzalez*, 545 U.S. at 530-31). This requirement applies when, as here, a petitioner files a Rule 60(b) motion after the district court's decision has been appealed. *Id.* at 325. If the district court determines that a Rule 60(b) motion is functionally a second or successive petition, the court must transfer the case to the court of appeals for authorization. *See In re Bowling*, 422 F.3d 434, 440 (6th Cir. 2005).

For purposes of § 2244(b), "an 'application' for habeas relief is a filing that contains one or more 'claims.'" *Gonzalez*, 545 U.S. at 530. A § 2244(b) "claim" is "an asserted federal basis for relief from the state court's judgment of conviction." *Id*. A Rule 60(b) motion presents a habeas claim, and is therefore a successive habeas petition, if it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is . . . entitled to habeas relief." *Id*. at 532 (emphasis in original). The

5

term "on the merits" refers "to a determination that there exist or do not exist grounds entitling the petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id*. at 532 n.4.

Conversely, a Rule 60(b) motion does *not* present a habeas claim, and therefore is not a successive habeas petition, when it does not attack "the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id*. at 532. Nor does it raise a habeas claim when it "merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*. at 532 n.4. A Rule 60(b) motion is not a successive habeas petition, therefore, "if it does not assert, or reassert, claims of error in the movant's state conviction." *Id*. at 538.

Montgomery's Rule 60(b) motion is functionally a second or successive habeas petition. Through this motion, Montgomery is asking this court to vacate its judgment *in his favor* so that he can relitigate his *Brady* claim with additional, allegedly new evidence and assert a new actual innocence claim in the hope that this court will grant his petition again, but this time in a stronger posture that will "survive review" by the Sixth Circuit. (Doc. 127 at 1.) Montgomery does not identify any procedural defect in this court's prior decision. Rather, his motion falls squarely within the *Gonzalez* Court's definition of a second or successive petition: an application that "seeks to add a new ground for relief" and "attacks the federal court's previous resolution of a claim *on the merits . . . ."* *Gonzalez*, 545 U.S. at 532 (emphasis in original). The fact that Montgomery's motion challenges the Sixth Circuit's resolution of his claims, not this court's, pushes his motion even further outside Rule 60(b)'s ambit.

Montgomery stresses the broad "'equitable power'" of Rule 60(b). (*Id*. at 4 (quoting

6

*Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1458 (5th Cir. 1992)).) But, as extensive as that authority may be, as the Court emphasized in *Gonzalez*, "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under [§ 2254] only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." *Gonzalez*, 545 U.S. at 529 (citing 28 U.S.C. § 2254 Rule 11; Fed. Rule Civ. Proc. 81(a)(2)). And application of the rule here would be inconsistent with § 2244(b), under which this court lacks jurisdiction to review what it has determined to be a second or successive habeas petition without authorization from the circuit court. 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007) (per curiam); *see also Panetti v. Quarterman*, 551 U.S. 930, 942 (2007) (describing § 2244(b) as jurisdictional); *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005) (same). Indeed, the Supreme Court has noted that even it "has no authority to create equitable exceptions to jurisdictional requirements." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Montgomery's motion for relief from judgment, therefore, is denied.

Montgomery's alternative request, for "leave to file a second or successive petition" or "leave to convert this motion, in this Court or the Sixth Circuit, into a second or successive petition" (Doc. 123 at 31), also is denied. As explained above, once this court determines that a petitioner has filed what is functionally a second or successive habeas petition, it must transfer the petition to the Sixth Circuit for authorization to proceed. *See In re Bowling*, 422 F.3d 434, 440 (6th Cir. 2005). The court, therefore, grants Respondent's motion to transfer Montgomery's motion to the Sixth Circuit for certification.

## CONCLUSION

Accordingly, the court denies Montgomery's Motion for Relief from Judgment or, in the

7

Alternative, Request to File a Second or Successive Habeas Petition Based on a Finding of Actual Innocence (Doc. 123) and grants Respondent's Motion to Transfer Montgomery's Doc. 123 Motion to the Sixth Circuit as a Second Petition (Doc. 125). The Clerk of the Court is hereby ordered to transfer Montgomery's motion to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In re Bowling*, 422 F.3d 434, 440 (6th Cir. 2005), for authorization to proceed as a second or successive petition.

      IT IS SO ORDERED.

                                                /s/ *SOLOMON OLIVER, JR.*
                                                UNITED STATES DISTRICT JUDGE

September 30, 2019